**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000380
28-JUL-2015
09:03 AM

NO. CAAP-14-0000380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JUSTIN Y. KANESHIRO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-13-03023)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Justin Y. Kaneshiro (Kaneshiro) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on December 24, 2013 in the District Court of the First Circuit, Honolulu Division (district court).[1] The district court found Kaneshiro guilty of Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2014).[2]

---

[1] The Honorable Paul B. K. Wong presided.

[2] HRS § 291E-61(a)(1) provides in relevant part:

> §291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Kaneshiro argues that the district court erred in denying his motion to dismiss the Complaint on the ground that it contains disjunctive language and therefore is defective.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaneshiro's point of error as follows and affirm.

The district court did not err in denying the motion to dismiss the Complaint. Kaneshiro points to two parts in the Complaint where he contends that the use of "or" renders the Complaint defective.[3] However, these parts in the Complaint involve similar or analogous forms of conduct that are codified in a single subsection of a statute. Indeed, the relevant portions of the Complaint are worded disjunctively in the language provided by HRS § 291E-61(a)(1). This type of disjunctive charging is permissible. See State v. Codiamat, 131 Hawai'i 220, 227, 317 P.3d 664, 671 (2013); State v. Monroe, No. CAAP-13-0002124, 2015 WL 3936905, at *1 (App. June 25, 2015) (SDO).

---

[3]  The Complaint states:

> On or about the 4th day of July, 2013, in the City and County of Honolulu, State of Hawaii, [Kaneshiro] did intentionally, knowingly or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the [HRS]. [Kaneshiro] is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the [HRS].

(Emphases added.)

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on December 24, 2013, in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, July 28, 2015.

On the briefs:

Samuel P. King, Jr.
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City & County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge